UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE SCOTTISH INDUSTRIES, INC., a Washington corporation, dba THE TARTAN THISTLE; and ANGUS MacDONALD and MAUREEN MacDONALD, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY, a member of the Farmers Insurance Group of Companies,<br><br>Defendant. | No. C10-1057Z<br><br>ORDER |

THIS MATTER comes before the Court on defendant Mid-Century Insurance Company's motion for summary judgment, docket no. 15. Having reviewed all papers filed in support of, and in opposition to, defendant's motion, the Court now enters the following Order.

In this action, plaintiffs have alleged breach of insurance contract, violation of Washington's Consumer Protection Act ("CPA"), and unreasonable denial of claim for coverage or payment of benefits under Washington's Insurance Fair Conduct Act ("IFCA"). Defendant Mid-Century Insurance Company ("Mid-Century") has moved for summary judgment on all three claims. In their response, plaintiffs concede that their breach of insurance contract claim is barred by the two-year limitation provision in the insurance

ORDER - 1

policy at issue. Plaintiffs also concede that, under existing authorities, their IFCA claim is not cognizable because the initial coverage denial occurred before the effective date of the statute, and the IFCA does not apply retroactively. *See* <u>Malbco Holdings, LLC v. AMCO Ins. Co.</u>, 546 F. Supp. 2d 1130 (E.D. Wash. 2008) (interpreting RCW 48.30.015(1)). Thus, the only claim remaining for the Court's consideration is plaintiffs' claim under the CPA.

As to plaintiffs' CPA claim, the Court concludes that genuine issues of material fact preclude summary judgment. *See* Fed. R. Civ. P. 56(a) (2010). To establish a violation of the CPA, a private plaintiff must prove (i) the defendant engaged in an unfair or deceptive act or practice; (ii) such act or practice occurred within a trade or business; (iii) such act or practice affected the public interest; (iv) the plaintiff suffered an injury to his or her business or property; and (v) a causal relationship exists between the defendant's act or practice and the plaintiff's injury. <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 785-93, 719 P.2d 531, 535-39 (1986). In its motion for summary judgment, Mid-Century does not suggest that plaintiffs cannot establish the trade or business, public interest, injury, or causation elements of a CPA claim. Mid-Century's only contention is that, because the fire for which plaintiffs seek coverage occurred on premises not specified in the policy, its denial of coverage was not in bad faith.

Mid-Century's analysis is overly simplistic in light of the facts in the record. Plaintiffs Angus and Maureen MacDonald own and operate Lee Scottish Industries, Inc., which does business as "The Tartan Thistle" and sells Scottish items, including bagpipes and tartans. A. MacDonald Decl. at ¶ 1 (docket no. 17). In 2003, the business relocated from Langley to Freeland. *Id.* at ¶ 4. For the period from June 6, 2003, through February 28, 2004, Mid-Century issued a policy to cover both locations, namely 2843 Howard Road in Langley and "544 South Cameron Road" in Freeland. Ex. C to Response (docket no. 16-3). From February 28, 2004, to February 28, 2006, Mid-Century's policies listed the insured location as "544 South Cameron Road" in Freeland. Exs. D & E to Response (docket

ORDER - 2

nos. 16-4 & 16-5). From February 28, 2006, to the date of the fire at issue, Mid-Century's policies showed the insured location as 18646 South Highway 525 in Freeland. Ex. F to Response (docket no. 16-6); Ex. 1 to Benami Decl. (docket no. 15-2).

From June 6, 2003, when the "544 South Cameron Road" address first appeared on Mid-Century's policies, to May 30, 2007, when the fire at issue occurred, the location of plaintiffs' business did not change. Indeed, according to Mid-Century, a change in the location of the insured risk would have required the completion of a Form E4277, which was not done in this case. Enberg Decl. at ¶ 8 (docket no. 15-3). Mid-Century viewed the policy modification in 2006 as merely correcting a typographical error in the address of the insured location. *Id.* Plaintiffs agree with this characterization of the amendment, but dispute Mid-Century's interpretation of its effect.

The Langley business site is comprised of three parcels of land with property tax account numbers S8290-00-00054-1, -2, and -4, respectively. Ex. 5 to Benami Decl. (docket no. 15-2 at 47 & 50). The street address for parcel S8290-00-00054-2 is 5444 Cameron Road. Ex. 5 to Benami Decl. (docket no. 15-2 at 45). The May 2007 fire destroyed a building on this Cameron Road parcel, in which plaintiffs stored a substantial amount of their inventory. *See* Benami Decl. at ¶¶ 3, 5 (docket no. 15-2); A. MacDonald Decl. at ¶ 7 (docket no. 17). In denying coverage for the fire damage, Mid-Century took the position that the policy in effect on the date of the fire covered only the structure and personal property located at 18646 South Highway 525, the address for parcel S8290-00-00054-4. Exs. 6 & 7 to Benami Decl. (docket no. 15-2).

Plaintiffs acknowledge that, when they first purchased the Langley property, the building situated on the Cameron Road parcel was dilapidated and uninsurable. M. MacDonald Decl. at ¶¶ 3 & 4 (docket no. 20-1). Plaintiffs contend, however, that, approximately five or six months later, Mid-Century's agent for purposes of this transaction inspected the repaired premises and indicated that they were insurable under the policy.

*Id.* at ¶ 5; Wrightson Decl. at ¶ 7 (docket no. 19).  In contrast, the agent, Randy Enberg, has indicated that plaintiffs never requested coverage for the building on the Cameron Road parcel, and he denies inspecting it or considering it in calculating the premium for the Mid-Century policy.  Enberg Decl. at ¶¶ 5-7 (docket no. 15-3).  The Court cannot, on a motion for summary judgment, resolve this type of dispute of material fact.

Because the precursor policies listed an insured location that does not exist, *see* M. MacDonald Decl. at ¶ 2 (docket no. 20-1) ("There is no 'South Cameron Road.'"), and the 2006 correction could not have changed the location of the insured risk, the parties' intentions and the surrounding circumstances must be considered in interpreting the policy at issue.  *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 501-04, 115 P.3d 262, 266-67 (2005).  Thus, the Court concludes that plaintiffs have raised a triable issue concerning what structures were covered by the policy in effect at the time of the fire, and that whether Mid-Century engaged in an unfair or deceptive act or practice in denying plaintiffs' claim for benefits cannot be determined as a matter of law.

**Conclusion**

For the foregoing reasons, defendant's motion for summary judgment, docket no. 15, is GRANTED in part and DENIED in part.  Defendant's motion is GRANTED as to plaintiffs' first and third claims for breach of insurance contract and violation of the IFCA, respectively, and those claims are DISMISSED with prejudice.  Defendant's motion for summary judgment as to plaintiffs' second claim for violation of the CPA is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 12th day of May, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 4